UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MADY CISSE,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2716

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.9.)

In an order entered on October 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the June 3, 2026, bond hearing on October 6, 2026. (Resp., ECF No. 5; Recording of June 3, 2026, Bond Hearing, filed on Oct. 6, 2026.) Petitioner filed his reply on October 8, 2026. (ECF No. 6)

## II. Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in 2023. (Pet., ECF No. 1, PageID.4.) On March 10, 2026, Petitioner was arrested by ICE in Michigan. (*Id.*)

On June 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (*Id.*, PageID.5; Immigration Judge Order, ECF No. 5-5, PageID.52.) At the conclusion of the bond hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "flight risk." (Immigration Judge Order, ECF No. 5-5, PageID.52; Recording of June 3, 2026, Bond Hearing, at 10:04–10:39, filed on Oct. 6, 2026. )

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on June 3, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. (*See* Immigration Judge Order, ECF No. 5-5, PageID.52; Recording of June 3, 2026 Bond Hearing, at 10:04–10:39, filed on Oct. 6, 2026. )

Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 15, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge